<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7210**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

TONY WELLS,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:09-cv-00104-RLV; 5:05-cr-00032-3; 3:06-cr-00045-RLV)

Submitted: March 14, 2012            Decided: March 27, 2012

Before NIEMEYER, WILKINSON, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tony Wells, Appellant Pro Se. Thomas A. O'Malley, OFFICE OF THE UNITED STATE ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Wells seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (West Supp. 2011) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In a civil action in which the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 30, 2011. The notice of appeal was filed on August 28, 2011.[*] Because Wells failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny a certificate of appealabilty and dispense with oral argument because the facts and legal

_____

[*] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have properly been delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED